Judge Mills
delivered the Opinion of the Court.
This is a bill filed by the distributees, againts the administrators, of Elizabeth Vance, deceased, for a settlement and distribution of her estate, by the administrator, who was one of her sons. The bill also claims an account and distribution of the estate of Patrick Vance, the father, and husband of said Elizabeth, and alleges that the defendant had taken possession of, or used and converted the estate of the father to his own use, but had never administered thereon.
We dismiss at once, the consideration of this part of the bill, as the court below, allowed no account thereof, and and rightfully; because an execntor of his own wrong, may be liable to the rightful personal representative, but never to the distributee or legatee. ' The claim of distributees is somewhat contingent, and is postponed to the claims of creditors, and must come to them by the assent of the executor or administrator, which assent the wrongful executor can never give. If courts of equity would permit an executor to constitute himself such, of his own wrong, and to assent to legacies and distribution, the rights of creditors against the estates pf deceased persons, would soon become precaripus and nominal only. The proper mode of reaching such is by administering legally. ■
Nor need we go into the accounts of the estate of Elizabeth Vance minutely; all except one item, ap *522 pears to have been rightly settled, according to the evidence, and to involve no question, new or difficult. Besides, long before this suit was commenced the estate was settled by the county court, and that •settlement is unimpeached as far as it goes; and according to repeated decisions of this court it must be held as prima facie evidence in favor of the administrator.
'Interest.
Allegations of the bill and defendant’s •answer.
The item which need be noticed, is one not embraced either in the inventory, or settlement of the estate made with the county court, and which the complainants contend, ought to have been included, but was improperly or fraudulently omitted by the administrator. The court below, allowed this item, with interest thereon, and the propriety of its ah lowance, or if it is to be allowed, the allowing in■terest thereon, is made the main question before us.
That item arose in the following way: The deceased had an interest in a tract of land in Virginia, ■ and during her life, she constituted her son, the present defendant, her agent to sell it. He effected the sale at $1,500, the one half of which he received and brought home, some time before her death. The other half he did not receive till after her death, and rendered an account thereof, in his settlement with the county court, and professes a readiness to pay the balance then found against him. The comÍdainants allege that he ought to account for the first íalf also, and that he never did so during her' life, and that it became a debt due from him to. the estate of the decedent. The charge in the bill is to the following effect, after charging that he sold the land during her life: “He received $750 of the price in her life time, which he never paid to her, but appropriated to his own use.”
‘The answer responds thus: “He admits that he •did, previous to the death of said Elizabeth, sell by her authority, her interest in the above mentioned tract of land in Virginia, for the sum of $1-500, and received $750 of the money, all of which last mentioned sum, he paid over to her, and to her children, by her directions, some years previous to her death.”
The evidence s a e '
Where tire hill alleges would be U° known to de^den^^f prooTmust 6 be by two witnesses, or °obomting0r" circumstancos.—
But__
Where the allegation is as tha?de-V<!’ fenclant har~ ing received money had not accounted and paid it over, the averment of the defendant that he had paid the,money over must he proved as affirmative matter in aTpidance,
*523 On this subject, there is proof by one witness, that he saw the defendant with a stud horse, which he stated he had gotten in Virginia, for money due to his mother. But this witness is very indecisive in his recollection, and cannot he certain he got the horse for money due to himself or his mother, and therefore, the matter is left again at large. Some two or three other witnessse. depose, that they heard the intestate say in her life time, that her son had brought home the $750 from V irginia, all in bank notes, except $60, and that she expressed dissatisfaction with him for having brought hank paper, and stated that she refused to receive it, and only took the $60 specie.
These declarations of the decedent are objected to, as incompetent to charge her administrator with this debt, and we cannot doubt their incompetence. If while living, she had brought on a controversy with him, to recover this sum, and her declarations would have been entirely inadmissible, to prove either the debt, or its nonpayment, they cannot be less so after her death, in a"contest between him and her representatives, to charge him with the same demand.
Setting this testimony aside, the question must rest exclusively on his answer, which is in response to the charges of the bill. His answer, which admits that he got the money, is evidence against him; and must the allegation, that he accounted for it, be taken as evidence in his favor, that he did account, when the bill charges him with not accounting? When the bill charges affirmative matter, and the answer has the negative, so strong is that denial, that two witnesses, where the matter rests in parol, or one positive witness, with corroborating circum* stances, are necessary to overturn the answer. But where the hill charges negative matter, and the anser asserts the affirmative, the question is, what weight is to he attached to the answer?
In bills of discovery, such affirmative matter, in an answer, may often he taken as true. But in other cases, such allegations cannot. The rule, that he who holds the affirmative must prove it, is,based on *524 reason not easily overturned, and exists in chancery1 as well as at law* Payment is matter of avoidance, and at law is said to be a plea in bar. It admits the' affirmative matter 6f the opposite party, and sets up another affirmative, which avoids responsibility; and if such affirmative allegations were to be ta* ken as true in an answer, even though made in response to a bill, the consequences would produce the greatest absurdities in many instances, and often impose upon the opposite party an impossibility or loss of right; This is a case where the chancellor has original and exclusive jurisdiction, and where the complainants come into equity not of choice, nor with a design of attaching confidence to the testimony of the defendant, and with an intention of risquing the cause on his answer; and the oath of the defendant is rather used for the purpose of forming a correct issue, than for the purpose of decid* ing the contest, and the defendant must, therefore, prove the affirmative which he has alleged,
tíon allowed an agenTout i»f the money he had coliected,
The money here was received under circumstances of trust and confidence, and when it might he expected that it would he accounted for, on the return of the defendant from Virginia. In such case, slight proof of payment might be deemed sufficient, as such proof would concur with what might be expected. But there is no such proof here, and if this demand must he presumed to. be paid, the presumption must be indulged from the agency alone. It is equally as probable, that after the defendant’s return, he would be permitted to keep and use the money, as that he accounted for jt. He and his mother resided together. lie provided for her, as he had done for both his parents during the life of his father, and transacted her business, and she would as likely have suffered him to retain it, as to have compelled him to account for it. He cannot now be excused from the payment without some proof.
But while he is compelled to account, it will be right that he be allowed a reasonable compensation for liis trouble, in transacting this business abroad, assessed by a commissioner or commissioners, '
Interest not recoverable of a depositorS-
Where the administrator had not used the money he is not liable for interest to distributees till the bontl pf indemnity is tendered.
Decree for the portion of each distributee to be paid them respectively.
Bonds to be given administrator before the decree shall bo executed.
Mandate.
Dana, for appellant.
And we cannot see the propriety of charging him with interest thereon, as is done in the court below. During the life of the mother, he cannot be held more than a depositary of this sum, under circumstances not implying a charge of interest.
Since her death he must hold it as her administrator, and as such, may now be compelled to account for it, perhaps from a defect of proof alone. For the balance found against him by the county court he professes himself ready to account. The complainants never made a demand, nor did they tender him a bond to refund their proportions if debts should appear, or enquire whether such bond was demanded by him; nor is there any satisfactory proof of his converting any of the money to his own purposes, or of his receiving interest thereon from others. Under such circumstances, the court below ought not to have allowed interest,
It is also in proof, that he has paid divers sums to some of the distributees. The portion of each in the whole, ought to be ascertained. The payments to each ought to be deducted from his respective share, and the balance, if any, ought to be decreed to each, severally.
And if he shall require a bond with security from each, to refund in case of debts appearing hereafter, the court ought to suspend execution of the decree as to each distributee, until such bond, with security approved by the court, shall be given.
The decree must therefore be reversed with costs, and the cause be remanded to the court below, with directions that such proceedings may be had, and decree entered as may not be inconsistent with the ©pinion of this court.